**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**Dr. Jeffrey Carey,** *et al.*,

    **Plaintiffs,**

    v.

**Whitehall Surgery Center, Ltd.**
**d/b/a Pickerington Surgery Center,**
*et al.*,

    **Defendants.**

Case No. 2:23-cv-3774

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

The Court must, again, tidy up the docket.

First, Plaintiffs have filed a redacted motion on the docket, ECF No. 10, and moved for leave to file an unredacted version under seal, ECF No. 11. As the Court observed yesterday, a party may not unilaterally file sealed documents (which *includes redactions*) without leave of Court. *See* S.D. Ohio Local Rule 5.2.1(a); *cf. Shane Grp., Inc. v. Blue Cross Blue Shield of Mi.*, 825 F.3d 299, 307 (6th Cir. 2016) ("[T]hat a mere protective order restricts access to discovery materials is not reason enough . . . to seal from public view materials that the parties have chosen to place in the court record" (emphasis removed)). The Court is aware that time of is the essence. Nonetheless, the parties are **CAUTIONED** not to file any other redacted documents without first obtaining leave of Court and are further **CAUTIONED** that the Court will not consider any unapproved redacted filings.

Turning to Plaintiffs' motion to seal, it is **DENIED WITHOUT PREJUDICE**. There is a "strong presumption in favor of openness as to court records." *Shane Grp.*, 825 F.3d at 305 (internal quotation marks and citation omitted).  As the United States Court of Appeals for the Sixth Circuit has explained,

> [t]he burden of overcoming that presumption [of openness] is borne by the party that seeks to seal [the records].  *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001).  The burden is a heavy one: "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983) . . . And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason.  *See, e.g.*, *Press-Enter. Co. v. Superior Court of California, Riverside Cnty.*, 464 U.S. 501, 509–10, 104 S. Ct. 819, 78 L.Ed. 2d 629 (1984).

*Shane Grp.*, 825 F.3d at 305.

Here, Plaintiffs argue that they "take no position" as to whether the relevant materials "actually warrant confidential treatment." Mot., ECF No. 11. Instead, Plaintiffs seek leave to file under seal "to avoid inadvertently disclosing information that *may* be non-public, competitively secret, trade secret, [and/or] business/strategy materials[.]" *Id*.  This speculation falls short of the "heavy burden" that must be met to seal public filings.  Accordingly, the motion to seal, ECF No. 11, is **DENIED WITHOUT PREJUDICE**.

To the extent Plaintiffs have not yet done so, they are **DIRECTED** to produce an unredacted version of their motion to Defendants **immediately**. Plaintiffs are further **DIRECTED** to file an unredacted version of their motion for a TRO **by 12:00 p.m. on November 15, 2023**.  If any party believes that any

portion of that motion should be redacted, that party may file a properly supported motion to seal which analyzes "in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp.*, 825 F.3d at 305 (quotation marks and citation omitted).

Next, certain Defendants ("Moving Defendants") move to join in other Defendants' filings. ECF No. 9. To the extent Moving Defendants have not already joined those filings, *see* ECF No. 2, the motion is **GRANTED**.

Finally, the parties are **ORDERED** to confer and propose times and dates in the next few days when they would be available for a preliminary conference. The parties shall submit their proposed times and dates to Watson_Chambers@ohsd.uscourts.gov **by 3:00 p.m. on November 14, 2023**.

The Clerk shall terminate ECF Nos. 9 and 11.

**IT IS SO ORDERED.**

    */s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**