UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Dr. Jeffrey Carey, *et al.*,

    Plaintiffs,

v.

Whitehall Surgery Center, Ltd.
d/b/a Pickerington Surgery Center,
*et al.*,

    Defendants.

Case No. 2:23-cv-3774

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

Defendants move to seal the exhibits ECF No. 14-5. ECF No. 15. There is a "strong presumption in favor of openness as to court records." *Shane Grp.*, 825 F.3d at 305 (internal quotation marks and citation omitted). As the United States Court of Appeals for the Sixth Circuit has explained,

> [t]he burden of overcoming that presumption [of openness] is borne by the party that seeks to seal [the records]. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). The burden is a heavy one: "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983) . . . And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason. *See, e.g., Press-Enter. Co. v. Superior Court of California, Riverside Cnty.*, 464 U.S. 501, 509–10, 104 S. Ct. 819, 78 L.Ed. 2d 629 (1984).

*Shane Grp.*, 825 F.3d at 305.

Here, Defendants have met their burden. Defendants represent that the exhibits to ECF No. 14-5 contains "highly sensitive trade secret information" that

give competitors an "inside look" at Whitehall Surgery Center, Ltd.'s business. Mot., ECF No. 15. Moreover, Defendants seek to seal only the few pages that contain this information and, therefore, the request is narrowly tailored.

Accordingly, Defendants' motion to seal, ECF No. 15, is **GRANTED**. The Clerk shall terminate ECF No. 15 and seal the exhibits to ECF No. 14-5, found at PAGEID ## 513–15.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**