UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Dr. Jeffrey Carey, *et al.*,

    Plaintiffs,

    v.

Whitehall Surgery Center, Ltd.
d/b/a Pickerington Surgery Center,
*et al.*,

    Defendants.

Case No. 2:23-cv-3774

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

On review of the parties' filings and the relevant caselaw, the Court has discovered that it lacks subject-matter jurisdiction over this case. Accordingly, for the reasons explained more fully below, the case is **REMANDED** to the Fairfield County Court of Common Pleas.

### I.    FACTS[1]

Dr. Jeffrey Carey, Dr. William Gianakopoulos, and Dr. Rashmi Patel (collectively, "Plaintiffs") are licensed physicians and owners of "Physician Member Units" of Whitehall Surgery Center, Ltd. (the "Center"). Compl. ¶¶ 1–3, ECF No. 7. The Center is an ambulatory surgery center in Pickerington, Ohio. *Id.* ¶ 4. Dr. Steven P. Balaloski, Dr. David Kim, Dr. Rodney Comisar, Dr. Michael Ezzie, Dr. Joel Shaw, Todd Dougherty, and OhioHealth Corporation (collectively

---

[1] Because the case is at the pleadings stage, the Court accepts Plaintiff's factual allegations as true.

with the Center, "Defendants") also own membership units in the Center or are on the Center's Board of Managers (the "Board"). *Id.* ¶¶ 5–12.

In November 2023, the Center told its members, including Plaintiffs, that the Board recommended removing the Urology and Podiatry practices and asked the members to vote in approval of that change (the "Vote"). *Id.* ¶ 39. Plaintiffs believe that removing those Practices would force Plaintiffs to violate the federal Anti-Kickback Statute (the "Statute"). *Id.* ¶¶ 29, 34.

Based on these facts, Plaintiffs asserted three claims in the Fairfield County Court of Common Pleas: (1) "declaratory judgment and injunctive relief"; (2) breach of fiduciary duty; (3) "members' right to business records."[2] *Id.* ¶¶ 44–66. Based on their Complaint, the state court issued a temporary restraining order ("TRO") against Defendants which, among other things, paused the Vote. ECF No. 1-10.

Defendants promptly removed to this Court and moved to vacate the TRO. ECF Nos. 1 & 3. Defendants removed this case on the basis of federal question jurisdiction and referenced the "substantial federal question" standard outlined by *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005) and subsequent cases. *See* Notice of Removal ¶ 3, ECF No. 3.

---

[2] The Court is skeptical that all of these "claims" are properly considered separate causes of action, rather than remedies.

## II. STANDARD OF REVIEW

It is axiomatic that "[f]ederal courts are courts of limited jurisdiction." *Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 255 (6th Cir. 2011) (internal quotation marks and citation omitted). "[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) (citing cases). Because this case is at the pleadings stage, the Court examines its subject-matter jurisdiction through the lens of Rule 12(b)(1).

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal when the Court lacks subject matter jurisdiction. "Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack under Rule 12(b)(1) "is a challenge to the sufficiency of the pleading itself," and the trial court therefore takes the allegations of the complaint as true. *Id*. To survive a facial attack, the complaint must contain a "short and plain statement of the grounds" for jurisdiction. *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016) (quoting Fed. R. Civ. P. 8(a)). A factual attack is a "challenge to the factual existence of subject matter jurisdiction." *Ritchie*, 15 F.3d at 598. No "presumptive truthfulness applies to the factual allegations." *Id.* When examining a factual attack under Rule 12(b)(1), "the court can actually weigh

evidence to confirm the existence of the factual predicates for subject-matter jurisdiction." *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015) (internal quotation marks and citation omitted).

### III. ANALYSIS

Traditionally, there are two bases for a federal court's jurisdiction: federal-question jurisdiction and diversity-of-citizenship. A Court has federal-question jurisdiction under 28 U.S.C. § 1331 for cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity-of-citizenship jurisdiction requires that no plaintiff and no defendant be citizens of the same state, and the amount in controversy must be $75,000 or greater. 28 U.S.C. § 1332.

Working backwards, there is no diversity-of-citizenship jurisdiction here because at least one Plaintiff and at least one Defendant are citizens of Ohio. *See* 28 U.S.C. § 1332; *see generally*, Compl., ECF No. 7.

Thus, the Court considers whether there is federal-question jurisdiction. Only Plaintiffs' "claim" for declaratory judgment and injunctive relief could possibly implicate federal law and, therefore, the Court focuses its federal-question analysis on that claim.

For purposes of federal-question jurisdiction, a claim "arises under federal law" if the cause of action is (1) "created by a federal statute"; or (2) "presents a

substantial question of federal law." *Miller v. Bruenger*, 949 F.3d 986, 991 (6th Cir. 2020). The Court addresses each of these bases, in turn.

### A. Was the Cause of Action Created by a Federal Statute?

Generally, to decide whether "a plaintiff's case arises under federal law, federal courts look at the face of the plaintiff's 'well-pleaded complaint.'" *Massamore v. RBRC, Inc.*, No. 22-5381, 2023 WL 4505074, at *1 (6th Cir. July 6, 2023) (citation omitted). For declaratory judgment actions, like this case, however, some "fine-tuning of the well-pleaded complaint rule is necessary[.]" *Miller*, 949 F.3d at 990 (6th Cir. 2020). In such cases, courts "ask whether, absent the availability of declaratory relief, the case could have been brought in federal court." *Id.* (cleaned up). To do so, courts "look to the anticipated claim underlying the request for declaratory relief" and "determine if the face of that claim could arise under federal law." *Id.* at 991 (citation omitted).

Here, it is not entirely clear what cause of action underlies Plaintiff's declaratory judgment claim. Distilled, Plaintiffs ask the Court to enjoin the Vote because, in Plaintiffs' view, the Vote (and/or its outcome) would violate the Anti-Kickback Statute. However, Plaintiffs have insisted they are not bringing an Anti-Kickback Claim.

Indeed, the Statute itself "does not provide for a private right of action." *Concord EMS v. Oakwood Healthcare, Inc.*, No. 14-CV-13012, 2015 WL 13036949, at *3 (E.D. Mich. Mar. 25, 2015) (citing cases). Plaintiffs argue that

the Statute and the False Claims Act work together to create a private right of action in the form of a qui tam action. Mot. 9–14, ECF No. 10 (citing cases). Although, at first glance, this argument may seem persuasive, the facts of this case undercut Plaintiffs' position. Plaintiffs are clearly *not* bringing a qui tam action. Nor could they: much of Plaintiffs' argument is that they fear a third party will bring a qui tam action against them. The person who allegedly violates a statute cannot bring a qui tam action against himself. It cannot be that simply because someone *else* might, hypothetically, bring a qui tam action against Plaintiffs, Plaintiffs' cause of action is created by that same qui tam action. In sum, Plaintiffs' claim is not created by a federal statute.

On the whole, Plaintiffs' underlying claim is a breach-of-contract claim. In essence, Plaintiffs' claim is that, through the operating agreement, they have a contract with Defendants, and Defendants plan to breach the contract by forcing Plaintiffs out through an illegal vote (or at least, a vote to do something illegal). Thus, Plaintiffs' underlying claim is a breach-of-contract claim, which is not created by a federal statute.

**B.     Does the Cause of Action Present a Substantial Question of Federal Law?**

State-law claims that "implicate a 'substantial question of federal law' also open the door into federal court." *Est. of Cornell*, 908 F.3d at 1014 (citation omitted). In determining whether there is a "substantial question of federal law," courts consider whether the underlying cause of action:

> (1) 'necessarily raise[s] a stated federal issue' that is (2) "disputed and substantial" and (3) hearable by the federal courts without disturbing the established federal-state court balance.

*Miller*, 949 F.3d at 992 (quoting *Est. of Cornell*, 908 F.3d at 1014). These considerations are sometimes called the "*Grable* prongs." *E.g.*, *Est. of Cornell*, 908 F.3d at 1014–16.

Applying this test, there is no federal-question jurisdiction here. True, the first *Grable* prong favors federal jurisdiction because the Complaint references the Statute and at least "nominally raise a federal issue." *Est. of Cornell*, 908 F.3d at 1015. The other *Gable* prongs, however, weigh strongly against federal jurisdiction.

Consider the second *Grable* prong. To satisfy that prong, "the federal issue must not only be contested but also substantial." *Miller*, 949 F.3d at 993. To determine "substantiality," courts consider the following factors:

> (1) whether the case includes a federal agency, and particularly, whether the agency's compliance with the federal statute is in dispute; (2) whether the federal question is important (i.e. not trivial); (3 whether a decision on the federal question will resolve the case (i.e. the federal question is not merely incidental to the outcome); and (4) whether a decision on the federal question will control many other cases (i.e. the issue is not anomalous or isolated).

*Est. of Cornell*, 908 F.3d at 1015 (cleaned up).

All of these factors weigh against substantiality. First, no federal agency is part of this action. Second, although the United States certainly has an interest in enforcing the Statute generally, this particular question (whether a physician-owned medical practice can make decisions that favor more profitable divisions

of the practice) is not the sort of important federal interest that warrants federal jurisdiction. *See Grable*, 545 U.S. at 315 (2005) (concluding there was a "substantial question of federal law" in part because the government has a "strong interest" in the "prompt and certain collection of delinquent taxes" (quotation marks and citation omitted)). As to the third factor, a decision on whether the Vote would violate the Statute would not dispose of the case because Plaintiffs bring other claims unrelated to the Statute. *See generally*, Compl., ECF No. 7. Finally, to the extent the case raises a federal issue on the interpretation of the Statute, it "does not do so for a broad range of parties; rather, the inquiry would be fact-bound and situation-specific." *Miller*, 949 F.3d at 993 (quotation marks and citations omitted). In sum, the federal question intertwined with Plaintiffs' claim is not substantial.

Lastly, the third *Grable* prong (whether the case is hearable by the federal courts without disturbing the established federal-state court balance) weighs against federal jurisdiction. First, the Statute contains no private right of action. *See Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 573 (6th Cir. 2007) (en banc) (explaining that although "the absence of a cause-of-action provision is not determinative, this certainly provides a starting point for this part of the analysis" (citing cases)). Second, Plaintiffs' claim is a contract claim, which is traditionally a state-law claim. *See Harris v. Ambrozic*, No. 5:05CV1681, 2005 WL 1593921, at *1 (N.D. Ohio July 6, 2005) (observing that "breach of contract . . . [is a] state

law claim[]"). "[G]ranting federal jurisdiction here would risk swinging open the federal courtroom doors to any [contractual] dispute" that simply raises the buzzwords "federal law." *Miller*, 949 F.3d at 994.

At bottom, the *Grable* prongs weigh against federal jurisdiction.

## IV. CONCLUSION

For these reasons, the Court lacks jurisdiction over the case. Accordingly, the case is remanded to the Fairfield County Court of Common pleas.

The Clerk shall terminate all pending motions and close the case.

**IT IS SO ORDERED.**

_____
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT